Clerk, call the next case please. 3-13-06-14, People of the State of Illinois, Appellee, by Mark Ostell, v. Christopher Campbell, Appellant, by Sarah Curry. Ms. Curry, good afternoon. Good afternoon. My name is Sarah Curry. I represent Christopher Campbell from the State Appellate Defender. The State was kind enough to just hand me a few moments ago your recent decision in People v. Hollihan. I would ask for leave to file a supplemental brief distinguishing this case from our current case, but from what I've just read of it briefly before coming before you is that this case is distinguishable from our current case. In Hollihan, the defendant twice on the record specifically chose a bench trial over a jury trial before proceeding to his guilty plea. He had waived his right to a jury trial, informing the trial court that he wanted to proceed on a bench trial. He then did subsequently plead guilty, and upon withdrawal of his guilty plea, the trial court refused to re-admonish him as to his right to a jury trial, saying that he had chosen a bench trial prior to the guilty plea. In this case, on the other hand, Christopher Campbell waived his right to a jury trial as part and parcel of his guilty plea. He did not waive the jury trial prior to the entry of the guilty plea, and the admonishments and the waiver were all part of the guilty plea process. And for that reason, this case is distinguishable from Hollihan. To the extent that you don't find it distinguishable, I would argue that Hollihan is wrongly decided and contradicts the Illinois Supreme Court's decision in People v. Bracey. In Bracey, the defendant waived his right to a jury trial and proceeded to a bench trial. The court vacated his conviction, and he then proceeded to a subsequent bench trial, whereupon he was not re-admonished as to his right to a jury trial, and he did not sign a new jury trial waiver. That's exactly what happened in this case, albeit bench trial to bench trial, guilty plea to stipulated bench trial. Once Christopher Campbell was allowed to withdraw his guilty plea, his right to a jury trial was reinstated. However, he was not informed of this right, and he never was subsequently admonished as to his right to a jury trial, and he did not sign another jury waiver. He proceeded to a stipulated bench trial without being informed of these rights, and Supreme Court Rule 402 requires that he be admonished since his stipulated bench trial was tantamount to a guilty plea under Supreme Court Rule 402. The state argues that when the judge says, I think the court has you a certain rights, even as you sit here today, you have the right to stand on your plea of not guilty, which you are standing on your plea, you have a right to have a trial. You're going to have a trial, in this case it will be a stipulated bench trial. I think the state's argument is that is substantial compliance with the rule. Can you tell me why you think that it's not? Substantial compliance is, jury is probably one of the most important words in Supreme Court Rule 402. The right to a jury trial, as the court in Bracey said, we're dealing here with one of the most revered of all rights acquired by people to protect themselves from the arbitrary use of power by the state. It was imperative, pursuant to Supreme Court Rule 402, that the court admonish Mr. Campbell that he had the right to a jury trial, which he did have at that point. I think we can all agree, once his guilty plea was withdrawn, he was put back in the same position as he was before he entered the guilty plea. And at that point he had the right to a jury trial. Without re-informing him that he had this right, he could have been under the mistaken impression that his original guilty plea was still valid, or jury waiver was still valid, which it was not. And therefore, specifically informing him that he had the right to a jury trial was imperative, because otherwise he would have been potentially confused or misled to believe that he no longer had that right, because his prior jury waiver was still in effect. Which, under Bracey, is of no legal effect once that proceeding ended. Once the guilty plea was withdrawn, he went back to the position he was in before entering the guilty plea, and at that point he had the right to a jury trial, and he should have been re-admonished as to those rights. He was re-admonished as to all of the other rights. His right to cross-examine, his right to call witnesses, all of these other rights he was re-admonished of, except for this one right. And it's, as the court in Bracey found, this is the big one. This is the big right that he should have been told he had the right to a jury trial, and that by proceeding to this stipulated bench trial, he was waiving that right. If there are no other questions? Thank you. Thank you. Mr. Oster? Good afternoon, Your Honor. Please excuse me, I've been sick, and I might cough a little bit during this, and I apologize for that. May it please the court, counsel? As counsel noted, I did provide earlier, after the briefs had been filed in this case, this court, in a published opinion in People v. Hollihan, I'll give you, I have that case, if the court would like. If there are copies to be provided, I can do that at this time. Thank you. That's fine. Yes, thank you. While the clerk is passing those out, Ms. Curry asked for leave to file a supplemental pleading. I think that she should be allowed to do that. Your Honor, the case law that Hollihan relies on and that counsel relies on has been out there. This is not particularly a new finding by this court. It just is the most recent opinion that's out there. I don't believe that there's any need for additional briefing on this particular matter. Are you objecting to additional briefing? I suppose that you might say that I am. I think that we've adequately covered this in all the briefs. And we also, in our brief, we cite it to the Anderson case, which is on point with this Hollihan case. Hollihan also cites to Tota and they very specifically distinguish Bracey, which the defendant relies on completely in this case, stating that Bracey was two different trials. Not a guilty plea followed by a trial. And if you have a trial that's vacated, then you have to have completely new 402 admonishments before a second trial. However, that's not the case. The case law says when you have a guilty plea that is withdrawn, you've had a proper 402 admonitions, then you don't have to re-admonish prior to a subsequent bench trial. But if you re-admonish, that's all of the other rights. Isn't there an implication there that the jury trial right no longer exists? I wouldn't say that, Your Honor. In this case, the judge left out the word jury. That's clearly there. And we argue that this is substantial compliance with 402. And one thing that's really important to recall about this also in his jury waiver, is that the former defendant, at least on three occasions, very clearly stated that he knew that he had the right to a jury trial. He had the right to a jury trial by 12 people, etc. And at that time, the trial judge admonished him again about his jury trial right prior to accepting his jury waiver. Did he know that he still had a jury right despite the former waiver? It wasn't a form waiver. It was a typed waiver, but it was not a form waiver. I said former. I'm sorry, former. I apologize, Your Honor. I mean, he did a waiver. The trial court admonished him as to everything else with regard to 402. And did not admonish him that he still had the right to a jury trial. He did admonish him that he had the right to a trial and said that you are having your stipulated admonition trial. He did not, as I said, use the word jury the second time that he was admonished. So that was the one word that was missing from the admonition the second time around. If you read that whole paragraph, or whole sentence, or second sentence, I mean, he's sort of saying, you know, you have a right to a trial. You're going to have a trial. As if he's made a choice about knowing, you know, a decision about this, him having a choice to have a jury trial or a bench trial or a stipulated bench trial. Doesn't it seem like in the context in which it's being said, it's clear that the judge is talking about this type of a trial, not saying you have a right to have a trial. You're going to have a trial. The way I read it, it just doesn't seem like it's clear that he's talking about you have the right to have a jury trial, but you've chosen not to. You're going to have this kind of trial. Correct. The defendant specifically requested a stipulated bench trial. He may have requested that it isn't apparent here that that's exactly what he requested in terms of making a choice between something between that and something else. The first time, we know he waived it, then that plea is withdrawn and when it goes back, then this occurs. So, I mean, I don't know how you can say that he knows he now has the right to reinstate that jury trial. Well, I think the key here, Your Honor, is the case law stating that if you have a jury waiver and you have a guilty plea and you move to withdraw the guilty plea and you subsequently have a bench trial, whether stipulated or bench trial, the admonitions are not required to be given. And that case law was in effect at the time of this trial. And I think that's controlling in this issue. You know, Counsel, back to the motion. You're saying there's no need to have further briefing. Yet, Justice Smith and the panel thought it was wise to issue that as an opinion. And it seems to me fair to allow the other side to respond to that opinion about the case that you passed out. That would be fine. I would not be adverse to doing it. I just don't feel that the case law... It wasn't a Rule 23 like we've said this a hundred times. Certainly. In fact, the language on this, we declined the defendant's invitation to extend the rule. Consequently, we find the defendant's jury waiver, prior to his guilty plea, remained in effect after the trial court withdrew his guilty plea. As such, no error, plain or otherwise occurred when the trial court failed to obtain an additional jury waiver after withdrawing the defendant's guilty plea. It's just fair to have her file something, isn't it? I'm not saying it's unfair. As I said before, I don't think it's necessary. But if the court finds that it wants to have additional briefing on it, they're perfectly willing to do that. And I'm certainly not fighting that by any means. The one thing to note also, that was a plain error case, and this is also a plain error case. It was not preserved. Fortunately, you only represent one side. That's true. If you have no further questions, we'll stand our brief for all other argument. Thank you, Your Honors. Ms. Curry, any rebuttal? To buy the State's argument that the recent decision in Hallahan should be extended to this case, is to suggest or to impose that once a defendant is allowed to withdraw his guilty plea, he no longer has the right to a jury trial, which I think we can all agree is not true. If you withdraw your guilty plea, you can, for whatever reason, you can subsequently go on to a jury trial. If you don't have to be readmonished as to that right, then that takes away the right altogether, which does exist. I think we're agreed that you can And as the State just said, this is a plain error case, but Bracey was a plain error case as well, and the Illinois Supreme Court found that this issue is reviewable under plain error. Thank you. Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The Court will stand in brief recess for a panel change.